Filed 6/21/22 P. v. Strada CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JASON ESTRADA,<br><br>Defendant and Appellant. | F082540<br><br>(Super. Ct. No. BF181410A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County. Kenneth C. Twisselman II, Judge.

David W. Beaudreau, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, and Erin Doering, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

A jury convicted Jason Estrada (defendant) of attempted murder and inflicting corporal injury on a dating partner. The convictions arose from defendant's assault on his former girlfriend. On appeal, defendant asks us to vacate his sentence and remand the matter for resentencing in light of three newly-enacted bills: (1) Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518); (2) Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567); and (3) Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Assembly Bill 124). The People agree defendant is entitled to this relief.[1] We concur these legislative enactments require remand for resentencing.

## FACTUAL BACKGROUND[2]

On June 11, 2020, S.D. was at a residence with defendant and another individual. S.D. was in the bathroom while defendant was in the kitchen fixing a broken box cutter. As S.D. straightened her hair, defendant stood in the doorway of the bathroom and watched her. S.D. felt defendant come toward her. She backed up against the wall and noticed she was bleeding. S.D. collapsed to the floor "into a ball" and laid in a fetal position, yelling to the other individual in the residence for help.

As S.D. called 911, defendant fled the residence in a red truck. He was arrested at a motel the next day.

S.D. sustained a cut to her left facial nerve and her trachea. She spent three days in the hospital, underwent surgery, and received twenty-two staples to close the wound.

---

[1] More specifically, the People agree Assembly Bill 124 applies retroactively to defendant and he is entitled to resentencing on that ground. Consequently, they do not address defendant's claims with respect to Senate Bill 567 and Assembly Bill 518 and concede he may seek the benefit of these legislative enactments on remand.

[2] We only recite the facts necessary for resolution of this appeal.

# PROCEDURAL BACKGROUND

On February 2, 2021, the Kern County District Attorney filed an amended information charging defendant with attempted murder (Pen. Code,[3] §§ 664, 187, subdivision (a); count 1), and infliction of a corporal injury on a dating partner (§ 273.5, subdivision (a); count 2). As to both counts, the information alleged defendant personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)), and personally inflicted great bodily injury upon the victim (§12022.7, subd. (e)). As to count 2, it was further alleged defendant suffered a previous conviction within seven years of the current charges (§ 273.5, subd. (f)(2)).

On February 16, 2021, a jury found defendant guilty on both counts and found the section 12022, subdivision (b)(1) enhancements true as to both counts.

At sentencing, the trial court noted several factors in aggravation: (1) defendant's "numerous" adult convictions and juvenile delinquency petitions; (2) his prior prison terms; (3) the assault occurred while defendant was on probation and supervision; and (4) defendant's "unsatisfactory" performance on juvenile probation, misdemeanor probation, mandatory supervision, and post release community supervision.

On count 1, the trial court sentenced defendant to the upper term of nine years and enhanced the sentence one year pursuant to section 12022, subdivision (b)(1) for a total term of 10 years. On count 2, the trial court sentenced defendant to the upper term of four years enhanced by one year pursuant to section 12022, subdivision (b)(1) for a total of five years. The trial court stayed the sentence on count 2 pursuant to section 654.

On March 18, 2021, defendant filed a timely notice of appeal.

---

[3] All further statutory references are to the Penal Code.

## ANALYSIS

### I.       Defendant is Entitled to Resentencing

We agree defendant is entitled to the retroactive benefits of Assembly Bill 518, Senate Bill 567, and Assembly Bill 124 for the following reasons.

First, Assembly Bill 518 amended section 654, subdivision (a), to provide: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (Stats. 2021, ch. 441, § 1, eff. Jan 1, 2022.) Previously, "the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term. [Citation.] … [S]ection 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

Under the rule of *In re Estrada* (1965) 63 Cal.2d 740, " '[w]hen the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date.' " (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)

Here, the trial court imposed an aggregate 10-year sentence on defendant's attempted murder conviction (count 1). The court imposed an aggregate five-year sentence on defendant's conviction for corporal injury on a dating partner (count 2) arising from the same incident and stayed it pursuant to section 654.

Defendant's judgment is not final because his appeal is presently before us. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 ["For purposes of the *Estrada* rule, a judgment is not final so long as courts may provide a remedy on direct review."].) Moreover, nothing in Assembly Bill 518 suggests legislative intent that the amendments

4.

apply prospectively only. Therefore, defendant is entitled to the benefit of Assembly Bill 518. (*People v. Sek* (2022) 74 Cal.App.5th 657, 673 ["Assembly Bill 518 applies retroactively to defendants whose convictions were not final when the law became effective January 1, 2022."].)

Second, Senate Bill 567[4] amends section 1170 to make the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. (§ 1170, subd. (b)(1); Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.) The exceptions to the general rule apply when there is a stipulation to, or findings beyond a reasonable doubt (by a jury or the court) of facts that support aggravating circumstances justifying the upper term. (§ 1170, subd. (b)(2).) Notwithstanding the above, the "court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury [but it] does not apply to enhancements imposed on prior convictions." (§ 1170, subd. (b)(3).)

Here, the trial court sentenced defendant to the upper term on both count 1 and count 2. At sentencing, it mentioned certain aggravating factors supporting imposition of these sentences. However, the record does not indicate a jury (or the court) found these factors true beyond a reasonable doubt or that defendant stipulated to them, which is now required under Senate Bill 567.[5] Moreover, nothing in Senate Bill 567 suggests an intent

---

[4] Prior to filing his opening brief, defendant submitted a request that the court take judicial notice of two pieces of legislative history pertaining to Senate Bill 567 and Assembly Bill 124, respectively. These items are the proper subject of judicial notice pursuant to Evidence Code Section 452, subdivision (c) and defendant's request is granted. (See *People v. Nelson* (2011) 200 Cal.App.4th 1083, fn. 6 [taking judicial notice of Senate Bill analysis].)

[5] We note the record includes the register of actions for case No. SM122465A, which charged defendant with one count of misdemeanor battery (§ 243, subd. (e)(1)). The court discussed this conviction at sentencing and appeared to find this conviction showed defendant's "tendency toward engaging in conduct which is potentially violent toward other people ...." However, the court did not discuss this conviction with respect

that the legislation apply prospectively only. Therefore, defendant is entitled to the ameliorative benefits of this bill as well. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902 [holding the *Estrada* rule applies to Senate Bill 567].)

Third, Assembly Bill 124 sets a presumption that the trial court will impose the lower term under enumerated circumstances, such as where an offender's childhood trauma or youth were contributing factors in the offense. The legislation adds subdivision (b)(6) to section 1170 and states,

> "(6) Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:
>
> "(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.
>
> "(B) The person is a youth, or was a youth as defined under subdivision (b) of [s]ection 1016.7 at the time of the commission of the offense.
>
> "(C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking." (§ 1170, subd. (b)(6); Stats. 2021, ch. 695, § 5.1, eff. Jan. 1, 2022.)

Section 1016.7, subdivision (b), in turn, states: "A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed."

Here, defendant was 23 years old at the time of the offense. He is a "youth" for purposes of section 1170, subdivision (b)(6). Therefore, he is entitled to the ameliorative benefits of this legislation as well. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–

---

to its findings on circumstances in aggravation and it imposed the upper term "based on the circumstances in aggravation and having found none in mitigation .…"

1039 [holding Assembly Bill 124 applied retroactively to defendant's case and remanding matter for resentencing].)

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded to the trial court for resentencing in accordance with Assembly Bill 518, Senate Bill 567, and Assembly Bill 124.